> This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

# CALVIN JACKSON v. REGIONS BANK

| | |
|---|---|
| Case Number | 49D11-1901-PL-001644 |
| Court | Marion Superior Court, Civil Division 11 |
| Type | PL - Civil Plenary |
| Filed | 01/11/2019 |
| Status | 01/11/2019 , Pending  (active) |

## Parties to the Case

| | |
|---|---|
| Defendant | REGIONS BANK |
| Plaintiff | JACKSON, CALVIN |

## Chronological Case Summary

| 01/11/2019 | **Case Opened as a New Filing** |
|---|---|

| 01/14/2019 | **Complaint/Equivalent Pleading Filed** |
|---|---|
| | COMPLAINT |
| | Filed By:  JACKSON, CALVIN |
| | File Stamp:  01/11/2019 |

| 01/14/2019 | **Subpoena/Summons Filed** |
|---|---|
| | SUMMONS |
| | Filed By:  JACKSON, CALVIN |
| | File Stamp:  01/11/2019 |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

### JACKSON, CALVIN
Plaintiff

Balance Due (as of 03/13/2019)
0.00

#### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

#### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 01/14/2019 | Transaction Assessment | 157.00 |
| 01/14/2019 | Electronic Payment | (157.00) |

EXHIBIT A

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) | |
| COUNTY OF MARION | ) | CASE NO |

CALVIN JACKSON

        Plaintiff,

  v.

REGIONS BANK

        Defendant.

NO.

**JURY TRIAL DEMANDED**

## COMPLAINT

### Preliminary Statement

    Plaintiff, Calvin Jackson, by hisr undersigned counsel, for this Complaint against Regions Bank, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant" or "Regions"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against Regions for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### PARTIES

2. Plaintiff, Calvin Jackson ("Plaintiff"), is a natural person and a citizen of Indiana, residing in Marion County, Indiana.

3. Defendant is a domestic for-profit corporation doing business in Marion County, Indiana.

### JURISDICTION AND VENUE

4. Federal and State Courts of Indiana have concurrent subject matter jurisdiction over Plaintiff's actions brought under the TCPA.

5. This Court has personal jurisdiction over Defendant because it is headquartered and conducts business in the State of Indiana, and a substantial part of the wrongful acts alleged in this Complaint were committed in Indiana.

6. Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Howard County.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls, whether they pay in advance or after the minutes are used. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003).

10. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or prerecorded message to a wireless number by, or on behalf of, a creditor are permitted only if the calls are made with the "prior express consent"

of the called party.  *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C. Rcd. 559 (2008).

11. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 564-65 ¶ 10 (2008).

12. Under the TCPA, and pursuant to the FCC Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff gave her express consent to Defendant to use an autodialer to call her cellular telephone within the meaning of the statute.  *See* FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 565 ¶ 10.

## FACTUAL ALLEGATIONS

**A.     Factual Allegations Regarding Defendant**

13. Defendant is in the banking industry.

**B.     Factual Allegations Regarding Plaintiff**

14. Plaintiff is being called by the Defendant in connection to a Debt ("Debt").

15. Plaintiff is holder and owner of a cell phone ("Cellular Phone") which was called by Defendant in its attempt to collect the debt.

**C.     Factual Allegations Regarding Plaintiff's TCPA Allegations**

16. Plaintiff is the account holder and owner of the Cellular Phone and is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

17. Defendant called Plaintiff on the Cellular Phone from at least early part of 2016.

18. Plaintiff made verbal requests to Defendant to stop calling his Cellular Phone. Said requests to cease and desist phone calls include but are not limited to requests made in January 2016.

19. Despite Plaintiff's requests to Defendant to cease calls, Defendant continued to call Plaintiff's Cellular Phone numerous times.

20. Some of the calls answered by the Plaintiff and placed by Defendant had: (1) pre-recorded voice message; or (2) a standard pause and gap before a live operator was available. Consequently, many, if not all, of the calls made by Defendant to Plaintiff on his Cellular Phone, including, but not limited to, the calls listed in paragraph 24 above, were made using an automatic telephone dialing system ("ATDS") and/or artificial or prerecorded voice.

21. Defendant's calls to Plaintiff on her Cellular Phone were made for purposes of collecting a debt, namely the Debt.

22. Defendant did not obtain prior express consent to call Plaintiff on her Cellular Phone for purposes of attempting to collect the Debt. Alternatively, even if Defendant did have prior express consent to make TCPA regulated calls to Plaintiff's Cellular Phone, said prior express consent was explicitly revoked by the Plaintiff via repeated and unequivocal requests to cease and desist phone calls.

23. Defendant is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

24. These calls caused Plaintiff severe emotional distress.

25. Plaintiff is being called multiples times a day by Defendant, which causes him disruption in his work and severe stress and anxiety.

26. Plaintiff has been damaged by these illegal calls because his privacy was improperly invaded, minutes were used from his cellular telephone plans, and he was forced to spend time tending to unwanted calls. *See Martin v. Leading Edge Recovery Solutions, LLC*, Case No. 11 C 5886, 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012) (Lefkow, J.). Furthermore, Plaintiff also incurred injury including but not limited to severe emotional distress, value of time spent in an attempt to resolve this dispute with Defendant incurred as a direct result of Defendant's actions.

## CAUSES OF ACTION

### FIRST COUNT

4

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(1)(A)

27. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

28. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

29. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff presumptively is entitled to an award of $500 in statutory damages for each and every call to her cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff is also entitled to and do seek injunctive relief prohibiting the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 46 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## SECOND COUNT

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)

31. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

32. The foregoing acts and omissions of the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

33. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to treble damages of up to $1,500 for each and every call to her cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

34. Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded in the future.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA

B. An order enjoining Defendant and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

C. An award to Plaintiff of damages, as allowed by law;

D. An award to Plaintiff of attorneys' fees and costs, as allowed by law and/or equity;

E. Leave to amend this Complaint to conform to the evidence presented at trial; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## **DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

Dated:  January 11, 2019.

                                            Respectfully submitted,

                                            /s/ Ryan R. Frasher
                                            Ryan R. Frasher (#27108-49)
                                            THE FRASHER LAW FIRM, P.C.
                                            3209 W. Smith Valley RD, STE 253
                                            Greenwood, Indiana  46142
                                            Telephone: (317)-300-8844
                                            Facsimile:  1-317-218-4501
                                            Email:  rfrasher@frasherlaw.com

Case 1:19-cv-01019-JMS-MPB   Document 1-1   Filed 03/13/19   Page 10 of 10 PageID #: 14

Filed: 1/11/2019 3:03 PM
Clerk
Marion County, Indiana

49D11-1901-PL-001644
Marion Superior Court, Civil Division 11

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR/CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

CALVIN JACKSON )
)
    Plaintiff, )
)
v. )
)
REGIONS BANK )
)
    Defendant. )
)
)

# SUMMONS

TO DEFENDANT:   Corporation Service Company
135 N. Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

    The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

    An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

    If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated 1/14/2019 _____   _____Myla A. Eldridge_____ (Seal)
                                                                      Clerk, Marion County Clerk

The following manner of service of summons is hereby designated:
    ____ Registered or certified mail
    ____ Service at place of employment, to-wit:
    ____ Service on individual - (Personal or copy)
    _X_ Service on agent (Specify)
    ____ Other service (Specify) By Sheriff

Ryan R. Frasher (27108-49)
The Frasher Law Firm, P.C.,
3209 W. Smith Valley Rd., Ste. 253
Greenwood, IN 46142
Office:    (317) 300-8844