UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CALVIN JACKSON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | 1:19-cv-01019-JMS-MPB |
| | ) | |
| REGIONS BANK, | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER

Plaintiff Calvin Jackson filed this action asserting that Regions Bank ("Regions") violated the Telephone Consumer Protection Act ("TCPA") by calling his cell phone after he had revoked his consent to be called. Mr. Levy filed a Motion for Partial Summary Judgment, [Filing No. 35], and Regions filed a Motion to Strike a portion of Mr. Jackson's reply in support of his Motion for Partial Summary Judgment, [Filing No. 54], as well as a Motion in Limine to preclude one of Mr. Jackson's proposed expert witnesses from testifying in the event that this case goes to trial, [Filing No. 52]. Each of these motions is now ripe for the Court's decision.

### I.
### BACKGROUND AND PROCEDURAL HISTORY

In his initial Complaint in state court, Mr. Jackson alleged that Regions began calling his cell phone in 2016 in connection with a debt he owed. [Filing No. 1-3 at 3.] He alleged that Regions used an automated telephone dialing system ("ATDS") "and/or" an artificial or prerecorded voice to make many, if not all, of the calls to his cell phone. [Filing No. 1-3 at 4.] Mr. Jackson asserted that these calls were made without prior consent or, in the alternative, that he had expressly revoked his consent to be called through "repeated and unequivocal requests to cease and desist phone calls." [Filing No. 1-3 at 4.] Mr. Jackson alleged that Regions' conduct violated

1

the TCPA and entitled him to damages and injunctive relief. [Filing No. 1-3 at 4-7.] Regions removed the action to this Court in March 2019. [Filing No. 1.]

Two days after the case was removed, this Court docketed its Practices and Procedures, which outline the rules and procedures the parties should follow. [Filing No. 7.][1] In relevant part, the Practices and Procedures require that, in the event that more than one party plans to move for summary judgment, the parties are directed to follow a four-part briefing schedule comprised of: (1) the motion and supporting brief by Party A; (2) the cross-motion, supporting brief, and response by Party B; (3) the reply in support of the motion and response to the cross-motion by Party A; and (3) the reply in support of the cross-motion by Party B. [Filing No. 7 at 2-3.]

On May 31, 2019, the Court issued an order approving the Case Management Plan ("CMP"). [Filing No. 14.] The CMP incorporates the proposed case management plan filed jointly by the parties, [Filing No. 13], and defines Mr. Jackson's claims as follows:

> Plaintiff Calvin Jackson brings this action against Defendant Regions Bank alleging violations of the [TCPA]. The TCPA precludes an entity to make phone calls to a mobile phone using an autodialer if the consumer has not provided consent or has revoked consent. Plaintiff alleges here that he revoked consent and that the Defendant continued to call his mobile phone multiple times.

[Filing No. 14 at 2.] The CMP also states that "Plaintiff anticipates filing a motion for summary judgment that Defendant used an autodialer and called Plaintiff's mobile phone after consent had been revoked in violation of the TCPA." [Filing No. 14 at 5.] In addition, the CMP requires that, by a certain deadline following the close of liability and non-expert discovery and "consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a

---

[1] Although this case was initially assigned to Judge James R. Sweeney II, and the Practices and Procedures document references him by name, the same rules laid out in that document remained in effect after the case was transferred to the undersigned.

statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based." [Filing No. 14 at 5.]

Following the CMP's directive, Mr. Jackson filed his Statement of Claims in November 2019. [Filing No. 27.] Mr. Jackson defined his claims as follows:

1. Plaintiff revoked consent pursuant to the [TCPA] for Defendant to call his cellular phone.

2. Defendant continued to place such calls after consent was revoked in violation of the TCPA.

3. Defendant used an automatic telephone dialing system to place such calls.

4. Plaintiff hereby reserves the right to supplement or amend any of these Statement of Claims.

[Filing No. 27 at 1.]

In January 2020, Mr. Jackson filed a Motion for Partial Summary Judgment. [Filing No. 35.] Regions filed a response, [Filing No. 49], and Mr. Jackson filed a reply, [Filing No. 53]. Regions then filed a Motion to Strike a portion of Mr. Jackson's reply, [Filing No. 54], to which Mr. Jackson responded, [Filing No. 62], and Regions replied, [Filing No. 32]. Meanwhile, Regions also filed a Motion in Limine and Objection to Plaintiff's Expert, [Filing No. 52], seeking to limit the introduction of evidence at trial (but not addressing evidence relied upon in support of Mr. Jackson's Motion for Partial Summary Judgment).

## II.
### DISCUSSION

**A. Motion for Partial Summary Judgment and Motion to Strike**

   *1. The Parties' Arguments*

In his Motion for Partial Summary Judgment, Mr. Jackson requests "that the Court grant and enter judgment in favor [of] the Plaintiff as to the issue of whether Regions used an[] ATDS

3

and whether Mr. Jackson revoked consent to be called on his telephone," but reserves the issue of damages for trial. [Filing No. 35 at 1.] In his opening brief, Mr. Jackson asserts that there is no genuine issue of material fact as to whether (1) Regions used an ATDS to make calls and (2) Mr. Jackson had revoked his consent to be called on his cell phone. [Filing No. 36 at 7.] Accordingly, he argues, he has proved both elements of his TCPA claim and is entitled to summary judgment on the issue of liability. [Filing No. 36 at 8-19.]

In response, Regions argues that the result in this case is dictated by *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 466-69 (7th Cir. 2020), which was decided after Mr. Jackson filed his Motion for Partial Summary Judgment and which held that, in order to meet the statutory definition of an ATDS, a dialing system must have the capacity to store or produce telephone numbers using a random or sequential number generator. [Filing No. 49 at 7-10.] Because it is undisputed that Regions' dialing system does not store or produce numbers using a random or sequential number generator, Regions argues, the system is not an ATDS and therefore Mr. Jackson's TCPA claim fails as a matter of law. [Filing No. 49 at 10.] Regions further argues that, regardless of the ATDS determination, a question of material fact remains as to whether Mr. Jackson properly revoked his consent to be called. [Filing No. 49 at 13-16.] Regions therefore requests that Mr. Jackson's Motion for Partial Summary Judgment be denied and—because there is no genuine dispute that its calling system is not an ATDS under *Gadelhak*—summary judgment be granted in its favor pursuant to Fed. R. Civ. P. 56(f)(1). [Filing No. 49 at 10; Filing No. 49 at 17.] Notably, Regions did not file a cross-motion for summary judgment.

In reply, Mr. Jackson concedes that the ruling in *Gadelhak* "is likely dispositive [of] the ATDS issue in favor of Regions." [Filing No. 53 at 1.] However, he asserts, "that does not end the case for Mr. Jackson." [Filing No. 53 at 1.] In Section B of his argument, Mr. Jackson contends

4

that: (1) under the TCPA, it is unlawful for any person to make a call using an ATDS or an artificial or prerecorded voice; (2) he alleged in his Complaint and testified in his deposition that Regions used prerecorded voice messages to call him; and (3) it is undisputed that Regions used artificial or prerecorded voice messages to call him. [Filing No. 53 at 2.] In a separate section, Mr. Jackson maintains that he revoked his consent to be called on numerous occasions. [Filing No. 53 at 2-4.]

Regions then filed its Motion to Strike, asking the Court to strike and deem waived the prerecorded voice argument that Mr. Jackson raised for the first time in Section B of his reply. [Filing No. 54 at 1.] Regions argues that Mr. Jackson is not permitted to use his reply brief to assert a new theory of liability for the first time, pointing out that Mr. Jackson focused on the ATDS aspect of liability in the CMP and in his Statement of Claims. [Filing No. 54 at 2 (citing Filing No. 13 at 2; Filing No. 27 at 1).] Regions asserts that Mr. Jackson was aware of the prerecorded voice argument prior to filing his Motion for Partial Summary Judgment but chose not to raise it, and therefore the argument should be stricken, deemed waived, and not considered by the Court. [Filing No. 54 at 3.]

In response to the Motion to Strike, Mr. Jackson acknowledges that the prerecorded voice argument was not raised in his opening brief in support of the Motion for Partial Summary Judgment and was raised for the first time in his reply. [Filing No. 62 at 1.] However, he asserts, the argument was merely raised to demonstrate that summary judgment should not be granted in favor of Regions because, even if the Court finds in favor of Regions on the ATDS issue at this stage, the alternate theory of liability based on the use of prerecorded voices should be reserved for trial. [Filing No. 62 at 1-2.]

In reply, Regions maintains that, at a minimum, Mr. Jackson's Motion for Partial Summary Judgment should be denied because it is based on the ATDS theory of liability, which both parties

now acknowledge is foreclosed by *Gadelhak*. [Filing No. 63 at 1-2.] Regions further argues that the Court should grant summary judgment in its favor pursuant to Rule 56(f)(1) because, although Mr. Jackson's Complaint generally alleged that Regions used an artificial or prerecorded voice, he does not dispute that he never raised that theory of liability specifically in the CMP, Statement of Claims, or opening brief in support of his Motion for Partial Summary Judgment, and a new theory of liability cannot be raised for the first time in a reply brief. [Filing No. 63 at 2-3.]

### 2. *Purpose and Effect of the Statement of Claims*

As an initial matter, the Court must clearly define the claims at issue, both in the Motion for Partial Summary Judgment and in this lawsuit as a whole. As Mr. Jackson points out, he asserted in his Complaint a potential claim under the TCPA related to Regions' alleged use of an artificial or prerecorded voice. [Filing No. 1-3 at 4.] However, he has not preserved this claim throughout the litigation. Specifically, by failing to list the artificial or prerecorded voice claim in his Statement of Claims, he abandoned that claim. And he is now bound by that abandonment.

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal quotations and citation omitted). In an exercise of this authority, this Court (through the CMP, which is a binding order) requires that parties submit a Statement of Claims (or a Statement of Defenses, as the case may be) outlining their claims and the specific legal theories underlying those claims. This requirement is intended to clarify and focus the issues for summary judgment and for trial, in order to avoid wasting time and resources on issues that will not be pursued and ensure that the claims that are going forward can be addressed and disposed of in the most efficient manner possible. The parties must be able to rely upon the Statement of Claims in developing their litigation strategy, moving for summary

judgment, and preparing for trial, and the Court must be able to rely upon it in order to craft jury instructions and make other trial preparations. After conducting discovery, the parties should understand the issues involved in their case and be prepared to outline them in a way that is helpful to the Court and to each other. In addition, the Statement of Claims, like any other filing, is subject to Rule 11, and therefore the Court expects that it be thoughtful, accurate, and made in good faith. Because the Statement of Claims serves all of these important purposes, the Court in most cases will treat it as a binding statement of the issues and claims a party is pursuing and, by implication, a binding statement of the issues that the party is abandoning.

Accordingly, because Mr. Jackson explicitly stated in his Statement of Claims that Regions used an ATDS to call his phone—and because he made no mention of the use a prerecorded or artificial voice message—the Court finds that any TCPA claim based on the use of a prerecorded or artificial voice has been abandoned. In other words, upon filing the Statement of Claims, Mr. Jackson relinquished his prerecorded voice claim, and it cannot be pursued on summary judgment or at trial. *See Schambers v. Key Family of Companies*, 2018 WL 1794915, at *7 (S.D. Ind. Apr. 16, 2018) ("The Court agrees that Schambers' failure to include her Equal Pay Act claim in her initial Statement of Claims operated as an abandonment of that claim."); *McGann v. Trathen*, 2017 WL 5571289, at *12 (S.D. Ind. Nov. 20, 2017) ("The Court finds that Mr. McGann has abandoned any negligent infliction of emotional distress or intentional infliction of emotional distress claims by failing to set them forth in his Statement of Claims.").

The Court is cognizant of the fact that Mr. Jackson attempted to "reserve[] the right to supplement or amend any of these Statement of Claims." [Filing No. 27 at 1.] Although it may be appropriate in some cases for the Court to allow parties to amend or supplement the Statement of Claims, to do so in every case would render the Statement of Claims requirement entirely

meaningless and in turn result in the waste of time and resources and potentially unfair surprise or prejudice to opposing parties. Here, Mr. Jackson acknowledges that he made allegations in his Complaint relating to prerecorded messages, and both he and a Regions representative discussed prerecorded voice messages during their depositions. [Filing No. 53 at 2.] Thus, the alternative theory of liability based on artificial or prerecorded voice messages and the facts upon which that theory could be based were known to Mr. Jackson through the duration of this lawsuit and he could have asserted that theory if he chose to do so. In the interest of fairness, he cannot now undo his choice to abandon that claim. With this in mind, the Court will address each of the pending motions in turn.

3. *Motion to Strike*

"[I]t is well-established that arguments raised for the first time in the reply brief are waived." *Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011). Accordingly, to the extent that Mr. Jackson intended to rely on the potential prerecorded voice claim in connection with his Motion for Partial Summary Judgment, he is not permitted to do so by raising that issue for the first time in his reply and the Court will not consider that argument in support of his motion. Regions' Motion to Strike Section B of Mr. Jackson's reply brief is therefore **GRANTED**. *See, e.g.*, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (stating that motions to strike may be granted when they "remove unnecessary clutter from the case").[2]

---

[2] To be clear, it was not the fact that Mr. Jackson did not mention the prerecorded voice issue in his opening brief in support of his Motion for Partial Summary Judgment that caused the entire prerecorded voice claim to be abandoned. There is no requirement that a party move for summary judgment on any or all of his claims and, in fact, judicial economy concerns and the duties of candor and good faith owed by counsel to the Court require that summary judgment only be sought where the circumstances justify filing a motion. Thus, Mr. Jackson would have been permitted to move for partial summary judgment as to his ATDS claim only, while preserving his prerecorded voice claim for trial, if his prerecorded voice claim had not already been abandoned through its

*4. Motion for Partial Summary Judgment*

After untangling the procedural complications and defining the claims at issue, the analysis of Mr. Jackson's Motion for Partial Summary Judgment is straightforward. Both parties agree that the Seventh Circuit's decision in *Gadelhak* forecloses any claim that Regions' dialing system is an ATDS because it does not have the capacity to produce or store telephone numbers using a random or sequential number generator. Furthermore, Mr. Jackson sought partial summary judgment as to liability only on the theory that Regions used an ATDS to call his cell phone without consent. Because the Motion seeks judgment solely on a theory that both parties acknowledge is foreclosed, the Motion must be **DENIED**.[3]

But the above disposition of both the Motion for Partial Summary Judgment and the Motion to Strike does not end the case as Regions suggests. In asking the Court to grant summary judgment in its favor, Regions invokes Rule 56(f)(1), which states that "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f)(1). This Rule "simply formalized what had been long-recognized as a court's ability to sua sponte, after providing notice to the parties and a reasonable time to respond, grant

---

omission from his Statement of Claims. This abandonment is a separate issue from the rule that arguments not raised in an initial brief are waived and should be stricken from the reply.

[3] Notably, even if Mr. Jackson had not conceded this point, the Court would have reached the same conclusion. *Gadelhak* interpreted the statutory definition of ATDS to require that the dialing system have the capacity to store or produce phone numbers using a random or sequential number generator. 950 F.3d at 468. Mr. Jackson acknowledged in his Motion for Partial Summary Judgment that a Regions employee testified that Regions' dialing system is not an ATDS because it does not have such capacity. [Filing No. 36 at 5 (citing Filing No. 35-6 at 7).] Mr. Jackson did not identify any facts or evidence to contradict this testimony, and instead argued that Regions' dialing system constitutes an ATDS because "it ha[s] the capacity to dial numbers without human intervention regardless of any showing that it has the capacity to store or produce telephone numbers using a random or sequential number generator." [Filing No. 36 at 8.] Accordingly, there is no genuine factual dispute as to the dialing system's capacity to store or produce random or sequential numbers and therefore the Court can conclude as a matter of law that it does not meet the definition of an ATDS after *Gadelhak*.

9

summary judgment. . . . It did not create a substitute for a cross-motion to summary judgment." *Nat'l Exch. Bank & Tr. v. Petro-Chem. Sys., Inc.*, 2013 WL 1858621, at *1 (E.D. Wis. May 1, 2013). In other words, Rule 56(f)(1) can be invoked by the Court, not the parties, and requires that the Court provide the parties with an opportunity to respond. Instead of relying upon Rule 56(f)(1), it would have been more expedient for Regions to cross-move for summary judgment, following the procedures set forth in the Court's Practices and Procedures. Nevertheless, the Court acknowledges that, based on the concession that Mr. Jackson's TCPA claim involving the use of an ATDS is foreclosed and the finding that his claim involving artificial or prerecorded voice messages is abandoned, it will likely be necessary to grant judgment in Regions' favor. But, Rule 56(f)(1) still requires that Mr. Jackson be given notice and an opportunity to respond. To that end, Mr. Jackson is **ORDERED** to show cause as to why judgment should not be entered in favor of Regions and this matter closed.

### B.  Motion in Limine

In its Motion in Limine and Objection to Plaintiff's Expert, Regions asks this Court to exclude from trial the expert testimony of Jeffrey Hansen, essentially because he offered an opinion on Regions' telephone dialing system without having inspected the system.[4] [Filing No. 52; Filing No. 56.] Mr. Jackson concedes that Mr. Hansen's legal conclusion that the phone system is an ATDS should be excluded but argues that the rest of his report is admissible at trial. [Filing No. 55.] Upon review of Mr. Hansen's report, [Filing No. 52-1], the Court finds that it is relevant only to the issue of whether Regions' telephone dialing system is an ATDS. Because the Court

---

[4] Mr. Jackson did not present Mr. Hansen's report in support of his Motion for Partial Summary Judgment.

10

has already concluded that any claim for liability based on the use of an ATDS is foreclosed and will not proceed to trial, Regions' Motion in Limine is **DENIED AS MOOT**.

### III.
#### CONCLUSION

Based on the foregoing, the Court makes the following rulings:

1. Regions' Motion to Strike, [54], is **GRANTED**.

2. Mr. Jackson's Motion for Partial Summary Judgment, [35], is **DENIED**.

3. Regions' Motion in Limine and Objection to Plaintiff's Expert, [52], is **DENIED AS MOOT**.

4. Because the Court finds that any potential claim under the TCPA based on the use of artificial or prerecorded voice messages is abandoned and the parties concede that Mr. Jackson's TCPA claim involving the use of an ATDS is foreclosed, Mr. Jackson is **ORDERED** to show cause by **June 17, 2020** as to why judgment should not be entered in Regions' favor and this matter closed.  Regions shall file its response to Mr. Jackson's filing, if any, by **July 1, 2020**.  Mr. Jackson shall file his reply, if any, by **July 8, 2020**.

Date: 6/3/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**