UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CALVIN JACKSON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | 1:19-cv-01019-JMS-MPB |
| | ) | |
| REGIONS BANK, | ) | |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

Plaintiff Calvin Jackson filed this action asserting that Defendant Regions Bank ("Regions") violated the Telephone Consumer Protection Act ("TCPA") by calling his cell phone after he had revoked his consent to be called.  Mr. Jackson filed a Motion for Partial Summary Judgment, [Filing No. 35], which the Court denied, [Filing No. 64].  In denying the Motion, the Court concluded that an intervening change in the law prohibited Mr. Jackson from recovering on his claim that Regions had violated the TCPA by calling him using an automated telephone dialing system ("ATDS") and that to the extent that Mr. Jackson intended to pursue an alternative theory that Regions had violated the TCPA by calling him using an artificial or prerecorded voice, such claim had been abandoned because Mr. Jackson failed to include it in his Statement of Claims.  [Filing No. 64.]  The Court ordered Mr. Jackson to show cause as to why judgment should not be entered in Regions' favor and this matter closed.  [Filing No. 64 at 11.]  The parties have briefed the issue, [Filing No. 67; Filing No. 68], and it is now ripe for the Court's decision.

**I.**
**BACKGROUND**

In his initial Complaint in state court, Mr. Jackson alleged that Regions began calling his cell phone in 2016 in connection with a debt he owed.  [Filing No. 1-3 at 3.]  He alleged that

1

Regions used an ATDS "and/or" an artificial or prerecorded voice to make many, if not all, of the calls to his cell phone. [Filing No. 1-3 at 4.] Mr. Jackson asserted that these calls were made without prior consent or, in the alternative, that he had expressly revoked his consent to be called through "repeated and unequivocal requests to cease and desist phone calls." [Filing No. 1-3 at 4.] Mr. Jackson alleged that Regions' conduct violated the TCPA and entitled him to damages and injunctive relief. [Filing No. 1-3 at 4-7.] Regions removed the action to this Court in March 2019. [Filing No. 1.]

On May 31, 2019, the Court issued an order approving the Case Management Plan ("CMP"). [Filing No. 14.] The CMP incorporates the proposed case management plan filed jointly by the parties, [Filing No. 13], and based on the parties submissions, defines Mr. Jackson's claims as follows:

> Plaintiff Calvin Jackson brings this action against Defendant Regions Bank alleging violations of the [TCPA]. The TCPA precludes an entity to make phone calls to a mobile phone using an autodialer if the consumer has not provided consent or has revoked consent. Plaintiff alleges here that he revoked consent and that the Defendant continued to call his mobile phone multiple times.

[Filing No. 14 at 2.] The CMP also states that "Plaintiff anticipates filing a motion for summary judgment that Defendant used an autodialer and called Plaintiff's mobile phone after consent had been revoked in violation of the TCPA." [Filing No. 14 at 5.] In addition, the CMP requires that, by a certain deadline following the close of liability and non-expert discovery and "consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based." [Filing No. 14 at 5.]

Following the CMP's directive, Mr. Jackson filed his Statement of Claims in November 2019. [Filing No. 27.] Mr. Jackson defined his claims as follows:

1. Plaintiff revoked consent pursuant to the [TCPA] for Defendant to call his cellular phone.

2. Defendant continued to place such calls after consent was revoked in violation of the TCPA.

3. Defendant used an automatic telephone dialing system to place such calls.

4. Plaintiff hereby reserves the right to supplement or amend any of these Statement of Claims.

[Filing No. 27 at 1.]

In January 2020, Mr. Jackson filed a Motion for Partial Summary Judgment. [Filing No. 35.] In the Motion, he stated as follows: "Plaintiff respectfully requests that the Court grant and enter judgment in favor to the Plaintiff as to the issue of whether Regions used and ATDS and whether Mr. Jackson revoked consent to be called on his telephone. Damages is to be reserved for trial." [Filing No. 35 at 1.] After Mr. Jackson filed his motion, but before Regions filed its response, the Seventh Circuit Court of Appeals decided *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020), which clarified the statutory definition of an ATDS. Regions argued in response to the Motion for Partial Summary Judgment—and Mr. Jackson conceded in his reply—that *Gadelhak* foreclosed Mr. Jackson's claim to the extent it involved the use of an ATDS, because the undisputed facts showed that Regions' dialing system did not meet the new definition of an ATDS. [Filing No. 49 at 7-10; Filing No. 53 at 1 (Mr. Jackson conceding that the ruling in *Gadelhak* "is likely dispositive [of] the ATDS issue in favor of Regions").] However, Mr. Jackson maintained in his reply that the case was not over, because *Gadelhak* does not apply to a TCPA claim asserting the use of an artificial or prerecorded voice. [Filing No. 53 at 2.] Regions moved to strike the portion of Mr. Jackson's reply concerning his artificial or prerecorded voice claim, arguing that Mr. Jackson could not raise that claim for the first time in his reply in support of his Motion for Partial Summary Judgment. [Filing No. 54.] Meanwhile,

3

Regions also filed a Motion in Limine seeking to limit the introduction of certain evidence at trial. [Filing No. 52.]

In an Order dated June 3, 2020, this Court granted Regions' Motion to Strike, denied Mr. Jackson's Motion for Partial Summary Judgment, and denied as moot Regions' Motion in Limine. [Filing No. 64.] Specifically, the Court found that, although Mr. Jackson had stated a potential TCPA claim related to an artificial or prerecorded voice in his Complaint, he abandoned that claim by failing to include it in his Statement of Claims. [Filing No. 64 at 6-7] ("Accordingly, because Mr. Jackson explicitly stated in his Statement of Claims that Regions used an ATDS to call his phone—and because he made no mention of the use a prerecorded or artificial voice message—the Court finds that any TCPA claim based on the use of a prerecorded or artificial voice has been abandoned.  In other words, upon filing the Statement of Claims, Mr. Jackson relinquished his prerecorded voice claim, and it cannot be pursued on summary judgment or at trial.").]  The Court then acknowledged that—because the parties agreed that the ATDS claim was no longer viable and having concluded that the artificial or prerecorded voice claim had been abandoned—it would likely be necessary to enter judgment in favor of Regions, although Regions had not cross-moved for summary judgment in its favor. [Filing No. 64 at 9-10.]  Consistent with the requirements of Federal Rule of Civil Procedure 56(f), the Court afforded the parties an opportunity to respond before considering whether to *sua sponte* grant summary judgment in Regions' favor. [Filing No. 64 at 10-11.]  Mr. Jackson filed a memorandum in response to the Court's Order, [Filing No. 67], and Regions filed a response to Mr. Jackson's memorandum, [Filing No. 68].  Accordingly, the issue is now ripe for the Court's decision.

## II.
### STANDARD OF REVIEW

Pursuant to Rule 56(f)(1), after providing the parties with notice and a reasonable opportunity to respond, the Court may *sua sponte* grant summary judgment for a nonmovant. Fed. R. Civ. P. 56(f)(1). A district court may grant summary judgment *sua sponte* if the party against whom judgment is entered (1) had proper notice that the court was considering entering judgment, and (2) had a fair opportunity to present evidence in opposition to the entry of judgment. *Simpson v. Merchants Recovery Bureau, Inc.*, 171 F.3d 546, 549 (7th Cir. 1999) (citing, *inter alia*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.")). As a general matter, summary judgment is appropriate when there are no genuine issues of material fact in dispute and one party is entitled to judgment as a matter of law. *Osler Inst., Inc. v. Forde*, 333 F.3d 832, 836 (7th Cir. 2003); Fed. R. Civ. P. 56(a).

## III.
### DISCUSSION

In his Memorandum in Support of Discharge of Order to Show Cause, Mr. Jackson argues that the Court erred in concluding that he abandoned his TCPA claim based on the use of artificial or prerecorded voices. [Filing No. 67 at 1-2.] Specifically, he argues that this claim was not an "alternative" theory of liability because he was pursuing a "single" theory that Regions violated the TCPA. [Filing No. 67 at 1 n.1.] In any event, he argues, the claim that Regions used an artificial or prerecorded voice was "inherently included" in the first two paragraphs of his Statement of Claims, which stated that he revoked his consent to be called but Regions continued to call him in violation of the TCPA. [Filing No. 67 at 1-2.] Mr. Jackson

5

further points out that the use of an artificial or prerecorded voice was alleged in the Complaint, discussed in depositions, and acknowledged in Regions' briefing. [Filing No. 67 at 2.] Had Regions not understood his claim, Mr. Jackson argues, it should have asked him to elaborate further by filing a Federal Rule of Civil Procedure 12(e) motion for a more definite statement at the pleading stage. [Filing No. 67 at 2.] Mr. Jackson asserts that his Motion for Summary Judgment was only partial, and the "number of calls and the type of calls was being reserved for trial." [Filing No. 67 at 2.] He further argues that even if his Statement of Claims were deficient, he should be permitted to amend it because Regions will not be prejudiced if he is allowed to pursue that claim, but he will be unfairly prejudiced if his case is closed. [Filing No. 67 at 2-4.] He asserts that, had *Gadelhak* been decided before he moved for summary judgment, his "brief would have been different," and he "should not have his case dismissed and closed because his *partial* summary judgment briefing did not flesh out everything in his corner." [Filing No. 67 at 3 (emphasis in original).] Mr. Jackson argues that his failure to explicitly mention artificial or prerecorded voice calls in his Statement of Claims does not affect Regions' litigation strategy because "Mr. Jackson explicitly mentioned prerecorded and artificial voice calls at every opportunity in this case." [Filing No. 67 at 3.] He contends that the cases cited by the Court for the proposition that failure to include a claim in the Statement of Claims constitutes abandonment are distinguishable because those cases involved multiple, different causes of action, whereas this case involves "a single statute as [the] cause of action, the TCPA," and the artificial or prerecorded voice claim is not "an 'alternative' theory of law, it is from the same statute, in the same subsection, in the same sentence where the TCPA mentions automatic telephone dialing system[s]." [Filing No. 67 at 3-4 (emphasis removed).] He maintains that Regions will not be unfairly prejudiced, Regions has not identified any prejudice it will suffer,

and "[t]he Court is inferring prejudice, which my [occur] in some cases, but there is none here except for Mr. Jackson." [Filing No. 67 at 4.] "Mr. Jackson believes that the Court's decision is too harsh." [Filing No. 67 at 4.]

In response, Regions argues that this Court correctly concluded that Mr. Jackson abandoned his claim relating to the use of artificial or prerecorded voices. [Filing No. 68 at 4-7.] Regions asserts that caselaw—including the cases cited in the Court's previous Order as well as other cases decided in this District and in this Court—consistently holds that failure to include a specific claim in the Statement of Claims results in abandonment of that claim. [Filing No. 68 at 4-6 (citing cases).] Regions argues that it would indeed be prejudiced if the Court allowed Mr. Jackson to proceed on his claim regarding artificial or prerecorded voices because, although the issue was mentioned in the Complaint and in some deposition testimony, "the parties have focused all of their discovery, investigation, legal research, all of their expert work, and all of their cost and expenses including attorneys' fees, on the ATDS aspect of the TCPA." [Filing No. 68 at 6.] If the artificial or prerecorded voice claim were allowed to proceed, Regions argues, it would need to essentially restart discovery, and the significant resources expended on the ATDS issue would be wasted. [Filing No. 68 at 6-7.] Finally, Regions argues that Mr. Jackson's contention that the artificial or prerecorded voices claim was "inherently included" in his Statement of Claims misses the mark because the CMP in this case required that Mr. Jackson file a Statement of Claims state "specifically" the legal theories upon which his claims were based. [Filing No. 68 at 7.][1]

---

[1] Regions argues in the alternative that Mr. Jackson's Complaint does not adequately raise the artificial or prerecorded voices claim as required by Federal Rule of Civil Procedure 8(a)(2), and therefore he should not be permitted to proceed on that theory. [Filing No. 68 at 7-8.] As discussed further below, the resolution of the abandonment issue is dispositive, so the Court need not reach this alternative argument.

7

Mr. Jackson did not file a reply.

As noted in the previous Order, "[f]ederal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal quotations and citation omitted). This authority includes courts' considerable discretion to enforce their own local rules. *See, e.g.*, *Hinterberger v. City of Indianapolis*, -- F.3d --, 2020 WL 3980690, at *2-3 (7th Cir. July 15, 2020) (recognizing that local rules "have the force of law" and that "district courts may require strict compliance" with them).

This Court has consistently held that failure to assert a claim in a Statement of Claims results in abandonment of that claim. *See Hardwick v. Indiana Bell Tel. Co., Inc.*, 2018 WL 4620252, at *11 (S.D. Ind. Sept. 26, 2018) ("Mr. Hardwick's failure to include an employment discrimination claim in his Statement of Claims operates as an abandonment of that claim."); *Schambers v. Key Family of Companies*, 2018 WL 1794915, at *7 (S.D. Ind. Apr. 16, 2018) ("The Court agrees that Schambers' failure to include her Equal Pay Act claim in her initial Statement of Claims operated as an abandonment of that claim."); *McGann v. Trathen*, 2017 WL 5571289, at *12 (S.D. Ind. Nov. 20, 2017) ("The Court finds that Mr. McGann has abandoned any negligent infliction of emotional distress or intentional infliction of emotional distress claims by failing to set them forth in his Statement of Claims."); *Tucker v. Express Scripts Holding*, 2016 WL 2643737, at *8 (S.D. Ind. May 10, 2016) ("[The plaintiff] abandoned his claim of harassment in his Statement of Claims when he asserted only his claims for race discrimination and retaliation.").

Mr. Jackson's assertion that the cases cited above are distinguishable because they involved the abandonment of separate causes of action—rather than two claims under the same statute—is unavailing. It is true that a claim based on the use of an ATDS and a claim based on the use of an artificial or prerecorded voice would be asserted under the same provision of the TCPA. *See* 47 U.S.C.A. § 227(b)(1)(A) (prohibiting calls made "using any automatic telephone dialing system or an artificial or prerecorded voice"). But the CMP does not direct the parties to merely identify the statutes under which they assert claims or defenses; it directs parties to "stat[e] specifically the legal theories upon which the claims or defenses are based." [Filing No. 14 at 5.] Mr. Jackson could have proceeded through this case maintaining that Regions used both an ATDS and artificial or prerecorded voices to call him in violation of the TCPA, but that is not what he did. Instead, he chose to define his claim only in terms of Regions' alleged use of an ATDS, making no mention in his Statement of Claims of artificial or prerecorded voices, while specifically mentioning an ATDS. The Court rejects the argument that a claim concerning artificial or prerecorded voices was "inherently included" in the Statement of Claims, but even if the Court were to accept that premise, a claim that is "inherently included" is not "specifically" stated, and therefore does not meet the requirements established by the CMP. Mr. Jackson's failure to include in his Statement of Claims a theory of liability based on the use of artificial or prerecorded voices resulted in abandonment of that theory. *See Hardwick*, 2018 WL 4620252, at *11; *Schambers*, 2018 WL 1794915, at *7; *McGann*, 2017 WL 5571289, at *12; *Tucker*, 2016 WL 2643737, at *8.

Mr. Jackson makes much of the fact that his Motion for Summary Judgment was only partial, but that fact is of no consequence for two reasons. First, Mr. Jackson made clear in filings that the motion was "partial" to the extent that it sought judgment as to liability only,

9

reserving the issue of damages for trial. [Filing No. 35 at 1.] To assert now that the motion reserved an alternative theory of liability is disingenuous at best. Second, and more importantly, the Court expressly explained in its previous Order that the artificial or prerecorded voice claim was abandoned when Mr. Jackson filed his Statement of Claims. The contents of the Motion for Partial Summary Judgment are immaterial to the abandonment issue, because the claim was abandoned *before* the motion was filed, and the abandonment was not a consequence of the way the issues were framed or briefed in the motion. [*See* Filing No. 64 at 8-9 n.2 ("To be clear, it was not the fact that Mr. Jackson did not mention the prerecorded voice issue in his opening brief in support of his Motion for Partial Summary Judgment that caused the entire prerecorded voice claim to be abandoned. . . . Mr. Jackson would have been permitted to move for partial summary judgment as to his ATDS claim only, while preserving his prerecorded voice claim for trial, if his prerecorded voice claim had not already been abandoned through its omission from his Statement of Claims.").]

As to the relative prejudice that would be suffered by each party, Mr. Jackson is incorrect that allowing him to proceed on a theory that Regions called him using an artificial or prerecorded voice would not result in prejudice to Regions. Regions asserts that it has focused its discovery and litigation strategy exclusively on the ATDS issue, and the Court is inclined to credit that assertion given that the purpose of requiring the parties to file a Statement of Claims or Statement of Defenses is so that the parties can focus on only the issues identified in those documents. Furthermore, although Mr. Jackson asserts that "the parties discussed these [prerecorded or artificial voice] calls in the depositions," [Filing No. 67 at 3], he points to only a few lines of a deposition in which a Regions representative testified that "when prerecorded calls are made and an answering machine is detected, the system will leave a prerecorded message and

the agent doesn't do anything," and "explained the code for prerecorded calls in the call logs," [Filing No. 67 at 2 nn.2-3 (citing seven total lines of deposition testimony found at Filing No. 35-6 at 7-8)]. This is not a sufficient basis upon which to conclude that a potential claim relating to artificial or prerecorded voices was explored in discovery. And, significantly, because discovery occurred prior to Mr. Jackson's decision to leave the artificial or prerecorded voice claim out of his Statement of Claims, the lack of meaningful discovery on this issue only further bolsters the conclusion that the claim was not being pursued in this litigation and allowing it to go forward now would be unfairly prejudicial to Regions. In other words, this does not appear to be a case in which the plaintiff inadvertently left an alternative theory out of the Statement of Claims; this is a case in which the plaintiff wishes to change his theory of liability at a late stage in the litigation because his initial theory failed. Allowing Mr. Jackson to proceed on a new theory undoubtedly would be prejudicial to Regions and would require the parties and the Court to expend substantial time and resources essentially restarting this litigation at the discovery stage.

On the other hand, any prejudice to Mr. Jackson is the result of his own choice to pursue the ATDS claim to the exclusion of the artificial or prerecorded voice claim. The Court acknowledges that in this case, the consequences of Mr. Jackson's abandonment of his alternative theory of liability seem severe given that he did not predict that the sole theory on which he chose to proceed would be foreclosed by an intervening change in the law. But the Court must apply the law in effect at the time it renders a decision, regardless of the strategic decisions the parties made during the course of the litigation. *See, e.g.*, *United States v. Kimberlin*, 776 F.2d 1344, 1346 (7th Cir. 1985) ("A court generally applies the law governing at the time of its decision . . . ."). As explained in the previous Order, the CMP and the Statement of Claims requirement serve several important purposes, including clarifying and focusing the issues for

summary judgment and for trial, avoiding wasted time and resources on issues that will not be pursued, ensuring that the claims that are going forward can be addressed and disposed of in the most efficient manner possible, and aiding parties in developing their litigation strategies and preparing for trial. [Filing No. 64 at 6-7.] In order to carry out these purposes and give meaning to the Statement of Claims requirement, the Court must enforce it.

## IV.
### Conclusion

Having concluded that Mr. Jackson abandoned his claim that Regions violated the TCPA by calling him using an artificial or prerecorded voice, and the parties having agreed that Mr. Jackson's claim that Regions violated the TCPA by making calls using an ATDS is now foreclosed,[2] the Court determines that no viable claims remain in this action. Accordingly, pursuant to Rule 56(f)(1), the Court now *sua sponte* **GRANTS** summary judgment in favor of Regions. Final judgment shall issue accordingly.

Date: 7/31/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[2] The Court also noted in the previous Order that regardless of whether the parties conceded the issue, the Court would have concluded that *Gadelhak* foreclosed any claim that Regions used an ATDS. [*See* Filing No. 64 at 9 n.3.] In his Memorandum in Support of Discharge of Order to Show Cause, Mr. Jackson does not argue that his ATDS claim is not foreclosed or should be allowed to proceed. [*See* Filing No. 67.]