# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

March 22, 2021

To:
Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis , IN 46204-0000

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

| No. 20-2624 | CALVIN JACKSON,<br>Plaintiff - Appellant<br><br>v.<br><br>REGIONS BANK,<br>Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:19-cv-01019-JMS-MPB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Jane Magnus-Stinson ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:         No record to be returned

NOTE TO COUNSEL:

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**

3/22/2021

**Received by:**

*Laura Townsend*

Deputy Clerk, U.S. District Court

form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

February 26, 2021

Before:   FRANK H. EASTERBROOK, Circuit Judge
          DAVID F. HAMILTON, Circuit Judge
          THOMAS L. KIRSCH II, Circuit Judge

| No. 20-2624 | CALVIN JACKSON, Plaintiff - Appellant<br><br>v.<br><br>REGIONS BANK, Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:19-cv-01019-JMS-MPB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Jane Magnus-Stinson ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

form name: c7_FinalJudgment(form ID: 132)

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2021*
Decided February 26, 2021



**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 20-2624 | |
| CALVIN JACKSON,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-01019-JMS-MPB |
| REGIONS BANK,<br>*Defendant-Appellee*. | Jane Magnus-Stinson,<br>*Chief Judge*. |

**O R D E R**

Calvin Jackson appeals the district court's entry of summary judgment for Regions Bank on his claim that the bank violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by contacting him about an overdrawn account without his consent. Because the district court correctly ruled that one of Jackson's claims was

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 20-2624            Page 2

foreclosed by our recent decision in *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458 (7th Cir. 2020), and that he had abandoned the other, we affirm the judgment.

In November 2015, Regions began calling Jackson on his cellular phone about his overdrawn account. In his initial complaint, filed in state court, Jackson asserted that he had not consented to be called by Regions and, if he had, he expressly revoked consent through "repeated and unequivocal requests [for Regions] to cease and desist the phone calls." Nonetheless, Jackson alleged, Regions persisted in contacting him using an automatic telephone dialing system "and/or" an artificial or prerecorded voice. This conduct violated the Act and entitled him to damages, Jackson charged.

Regions removed the action to federal court. Before the initial pretrial conference, the assigned magistrate judge required the joint submission of a proposed case management plan. *See* S.D. Ind. L.R. 16-1. The parties' plan required Jackson to submit "a statement of the claims" that he intended to prove at trial. *See* S.D. Ind. Uniform Case Management Plan for Civil Cases. The magistrate accepted the plan "as submitted."

In December 2019, the case was set for a bench trial. As required by the case management plan, Jackson filed his statement of claims "stating specifically the legal theories upon which [his] claims … are based." Jackson defined his claims as follows:

1. Plaintiff revoked consent … for Defendant to call his cellular phone.

2. Defendant continued to place such calls after consent was revoked….

3. Defendant used an automated telephone dialing system to place such calls.

Jackson then asserted that he "reserve[d] the right to supplement or amend any of these Statement of Claims." He did not ever supplement or amend the statement, though.

Instead, after the bifurcated discovery period on liability ended, Jackson moved for partial summary judgment on the theory outlined in his statement. Regions responded that our decision *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458 (7th Cir. 2020), foreclosed Jackson's claim. In *Gadelhak*, we clarified that only a system with "the capacity to generate random or sequential numbers" meets the definition of an automated telephone dialing system. *Id.* at 469. A tool that dials numbers from a customer database thus does not qualify. *Id.* at 464. And the undisputed evidence showed that Regions' dialing system did not generate numbers at random; it dialed from a list of customers' numbers.

No. 20-2624　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

In his reply brief, Jackson conceded that Regions had correctly described its dialing system and that *Gadelhak* was therefore "likely dispositive [of] the [dialing-system] issue in favor of Regions." He maintained, however, that the case was not over because *Gadelhak* does not address his theory that Regions violated the Act by using an artificial or prerecorded voice. Regions moved to strike this part of the reply brief, arguing that it was too late for Jackson to raise a new theory of liability. It further argued that the court should grant it summary judgment on all claims, though it had not filed a cross-motion.

The district court denied Jackson's partial summary-judgment motion, concluding that *Gadelhak* easily resolved his dialing-system claim. The court further concluded that, although Jackson's complaint alleged that the bank used an artificial or prerecorded voice on the calls, he abandoned that theory by making no mention of it in his Statement of Claims. (The court pointedly clarified that Jackson had not been required to raise every theory of liability in his partial summary-judgment motion. *See Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 354–55 (7th Cir. 2015).) But because Regions had not moved for summary judgment, the court ordered briefing on why judgment should not be entered in favor of Regions. *See* FED. R. CIV. P. 56(f)(1). After reviewing the submissions, the court concluded that Jackson lacked any route to demonstrate liability and entered judgment for Regions.

Jackson appeals. He primarily argues that Regions uses a prohibited automated telephone dialing system because, unlike the system at issue in *Gadelhak*, "human intervention" is not required for Regions' system to dial a given number. Regions responds that this is the opposite of Jackson's concession in the district court.

New or old, Jackson's argument is a nonstarter. As we explained in *Gadelhak*, the defining feature of an automated telephone dialing system is not how the numbers are *dialed*; it is how the numbers are *stored* and *produced*. 950 F.3d at 460. And, like the system in *Gadelhak*, Regions' system dialed from a preset list (of numbers of its delinquent account holders), not at random. *See id.* (system dialed from list of customers who interacted with customer service department).

Jackson, quoting at length from *Swaney v. Regions Bank*, No. 2:13-cv-00544, 2018 WL 2316452 (N.D. Ala. May 22, 2018), argues that *Gadelhak* was wrongly decided, but he does not persuade us. In *Swaney* (which involved a different system that Regions uses for text messaging, not the telephone dialing system at issue here), the district court found controlling the Federal Communications Commission's 2003 order, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC

No. 20-2624                                                                    Page  4

Rcd. 14014 (2003). That order said that automated telephone dialing systems do not require "human intervention … at the point in time at which the number is dialed." *Swaney*, 2018 WL 2316452, at *2. But in *Gadelhak* we determined that no order of the Commission bound our interpretation because the D.C. Circuit had struck down all orders interpreting the Act. 950 F.3d at 463 (citing *ACA Int'l v. FCC*, 885 F.3d 687, 695 (D.C. Cir. 2018)). Further, we expressly rejected the Commission's definition, which required a "significant judicial rewrite" of the statute and resulted in "far reaching consequences." *Id.* at 466–67. Jackson gives us no reason to revisit the issue.[1]

Jackson also challenges the district court's determination that he abandoned his theory that Regions violated the Act by allegedly using an artificial or prerecorded voice, insisting that no Federal Rule of Procedure bars the claim. That is true, but beside the point. "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). District courts often exercise this authority by ordering parties to submit a specific list of claims and theories (superseding all prior assertions) to clarify the issues as trial approaches. *See, e.g.*, *Elizarri v. Sheriff of Cook Cty.*, 901 F.3d 787, 790–91 (7th Cir. 2018); *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 628 (7th Cir. 2013). That is what the district court ordered here, and Jackson asserted only that Regions violated the Act by using an automated telephone dialing system.

Jackson gives no reason for omitting the voice theory from his Statement or not amending it. The district court reasonably inferred that Jackson abandoned the theory before he filed the Statement because he did not explore it meaningfully in discovery (which closed soon after Jackson filed his Statement). Only after *Gadelhak* doomed the

---

[1] We anticipate that the Supreme Court will decide whether the phrase "automatic telephone dialing system" in the Telephone Consumer Protection Act, 47 U.S.C. § 227, encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator" in *Facebook Inc. v. Duguid*, 141 S. Ct. 193 (2020). We have considered whether to hold the present case pending the Court's anticipated decision, but like we did in *United States v. Nebinger*, we believe that the best approach here is to decide the case now and for Jackson "to seek relief in the Supreme Court, should the Justices disagree with the approach we have taken." No. 19-1504, 2021 WL 509604, at *2 n.1 (7th Cir. Feb. 11, 2021).

No. 20-2624 Page 5

dialing-system claim did Jackson seek to revive the voice theory, arguing that it was "implied" all along by his allegations that Regions called him without his consent. Implication did not suffice, the court concluded, and we give "considerable weight" to that conclusion. *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020). We find no abuse of discretion in the district court's enforcement of its requirement that Jackson specifically state his theories of relief. *See Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017) (district courts may refuse to consider new legal theories raised in opposition to summary judgment).

Finally, Jackson takes issue with two other aspects of the proceedings in this case. First, he points out that Regions did not answer his complaint in state court. That does not present any problem for us to resolve; once Regions removed the case, the Federal Rules of Civil Procedure governed, *see Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992) (citing FED. R. CIV. P. 81(c)), so there was no need for Regions to respond in state court, 28 U.S.C. § 1446(d). Second, Jackson complains that the district court never addressed damages. But the court did not need to because he did not raise a genuine issue of material fact regarding Regions' liability.

Therefore, we AFFIRM the district court's judgment.